### 33817. CHASTAIN *v.* PEEBLES.

WORRILL, J. Where a vendor contracts to sell land for which he holds only an executory contract of purchase, and stipulates with his vendee to convey an insurable title by a specified day in the future, upon the strength of which he receives a part of the purchase price as earnest money, which money the contract provides shall be retained as a forfeiture by the vendor in case of a breach of the contract by the purchaser, and is to be returned to the vendee if the vendor fails to deliver title, such vendor can not retain the earnest money after the expiration of the time for delivering title, having failed to deliver an insurable title as provided in the contract; and the vendee may maintain an action for recovery of the earnest money without having paid or tendered payment of the balance of the purchase price. *Higgins* v. *Kenney,* 159 *Ga.* 736 (126 S. E. 827).

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*

DECIDED JANUARY 23, 1952.

*Jesse J. Gainey, E. P. McCollum,* for plaintiff in error.

*C. E. Hay,* contra.

E. H. Peebles sued Robert E. Chastain in the City Court of Thomasville for $1000, and alleged substantially: The parties entered into a written contract on December 1, 1950, whereby the defendant was to obtain an insurable title to certain land, which he then had a contract to purchase, and convey such title to the plaintiff on or before March 1, 1951. The purchase price was to be $11,500 of which $1000 was paid at the time of the contract, with the provision that if the defendant failed to deliver title, the $1000 would be refunded and that if the plaintiff failed to accept tender the $1000 would be forfeited. The defendant has never delivered insurable title, submitted any abstract of title, nor submitted an opinion of any competent attorney to the effect that the defendant owned an insurable title. On March 2, 1951, the plaintiff demanded a refund of the $1000, but although the defendant failed to comply with his obligation to deliver an insurable title, he nevertheless refuses to refund the $1000. The defendant filed a general demurrer on the grounds that the petition sets forth no cause of action against the defendant and fails to show that the plaintiff ever paid or offered to pay the balance of the purchase price. The court overruled the defendant's demurrer. To this judgment the defendant excepted.