34549. PEEBLES *v.* CHASTAIN.

Decided April 21, 1953.

38

*C. E. Hay,* for plaintiff in error.

*Jesse J. Gainey, E. P. McCollum, James T. Gainey,* contra.

GARDNER, P. J. The decision of this court in *Chastain* v. *Peebles,* 85 *Ga. App.* 274 (69 S. E. 2d, 105), fixed the law of this case so far as the petition is concerned and holds that same sets out a cause of action. The defense sought to be set up seems to be that, on March 1, 1951, and on the day prior thereto, February 28, 1951, the plaintiff was not in Georgia but in Florida, and the defendant avers that he could not get in touch with the plaintiff to deliver title to said land to him, and that he saw the plaintiff on March 2, 1951, and the plaintiff informed him that he was not ready to close the sale under the contract, and that he, the defendant, then told the plaintiff he would give him a few more days to close the transaction. The foregoing would constitute a defense to the plaintiff's suit for a refund of the $1,000 paid as earnest money because the defendant did not comply with the contract by delivering an insurable title to the

property on or before March 1, 1951. The plaintiff was not available in Thomasville, Georgia, on either the day before March 1, 1951, or on that day. It was not necessary under the contract that the defendant notify the plaintiff prior to said date that he would have the title ready for delivery on March 1, 1951. The contract so provided, and the defendant was only obligated to deliver to the plaintiff an insurable title to the land on or before March 1, 1951; and he alleges in his amended answer that he was ready to deliver such title to the plaintiff on February 28, 1951, and on March 1, 1951, and could not get in touch with the plaintiff, who was in Florida. Without deciding whether or not it was incumbent on the defendant to have gotten in touch with the plaintiff in Florida or to have shown that he could not get in touch with the plaintiff in Florida, the amended answer shows that on March 2, 1951, the plaintiff and the defendant met and in response to the offer of the defendant to then deliver an insurable title to the plaintiff, the plaintiff stated that he was not ready to close the transaction, and that then the defendant informed him he would allow him additional time to close the deal. The amended answer showed a waiver of the time limit set out in the contract. It follows that the amendment by the defendant to his answer set forth an issuable defense to the plaintiff's suit on the contract for the refund of the $1,000 paid as earnest money because of the failure of the defendant to deliver to the plaintiff on March 1, 1951, an insurable title to said land, and was not subject to the general demurrer urged thereto. The allegation that the defendant procured in himself and was ready to deliver to the plaintiff an insurable title to said land was an allegation of fact. It was not incumbent on the defendant to allege that he had a policy of insurance on the title. The allegations of the defendant's answer as to the parties having waived the time limit set out in the contract for compliance therewith was sufficient to withstand the demurrer urged thereto.

It follows that the trial judge did not err in overruling the demurrers of the plaintiff to the answer as amended nor to the amendment to the answer.

The verdict and judgment for the defendant not being excepted to save insofar as affected by the alleged error on the

overruling of the demurrers to the amendment to the answer, this court has no authority to pass upon the sufficiency of the evidence to support the verdict in the defendant's favor. Furthermore, no contention is made relative to the verdict and judgment except that the alleged antecedent error in the ruling on the demurrers rendered further proceedings in the case nugatory.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*